E-FILED
Thursday, 16 August, 2018  03:17:02 PM
Clerk, U.S. District Court, ILCD

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| DIANE RUNKEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| CITY OF SPRINGFIELD, and JAMES O. LANGFELDER, ) | |
| ) | |
| Defendants. ) | **Jury Trial Demanded** |

## Complaint

Diane Runkel ("Runkel") brings this lawsuit against the Defendants, City of Springfield (the "City") and James O. Langfelder ("Langfelder").  In support of the complaint she states as follows:

### Nature of Claim

1.     This lawsuit alleges the following three claims:

   A.     Runkel was denied a promotion because of her race in violation of 42 U.S.C. § 2000e-2(a)(1). This claim is brought against the City.

   B.     Runkel was denied a promotion because of her race in violation of her rights under the Fourteenth Amendment's guarantee of equal protection of the laws.  This claim is brought against Langfelder and is brought pursuant to 42 U.S.C. § 1983.

   C.     Runkel was retaliated against after engaging in activities protected by under 42 U.S.C. § § 2000e–3(a).  This claim is brought under the anti-retaliation provisions of Title VII against the City.

### Jurisdiction and Venue

2.     This lawsuit is brought under federal law making jurisdiction in this Court appropriate.

3.      The actions giving rise to this lawsuit occurred in Sangamon County, Illinois, making venue appropriate in this Court.

**Factual Allegations**

4.      Runkel is an adult citizen of Sangamon County, Illinois and was formerly employed by the City of Springfield, Illinois (the "City") until she retired on April 17, 2018.

5.      The City is a unit of local government located in Sangamon County, Illinois.

6.      Langfelder is the mayor of the City.  He is named in this proceeding in his individual capacity and all actions taken by him that have been outlined in this complaint were undertaken under the color of law.  To the limited extent that it is necessary for equitable relief to be implemented, Langfelder is named in his official capacity.

7.      Runkel commenced her employment with the City on approximately September 4, 2007.  At the time, she was employed as an Administrative Clerk I in the City's Office of Budget and Management.

8.      On approximately November 4, 2008, Runkel was promoted to the position of Buyer II in the City's Office of Budget and Management.

9.      On approximately May 4, 2015, Runkel was promoted to the position of Assistant Purchasing Agent in the City's Office of Budget and Management.

10.     As Assistant Purchasing Agent, Runkel was responsible for supervising the Buyer II in the City's Office of Budget and Management.  In that capacity she reported to the Purchasing Agent.

11.     In early 2018, approximately February 1, 2018, it was announced that the incumbent Purchasing Agent in the City's Office of Budget and Management, Sandy Robinson,

would be vacating that position.  This created a vacancy to be filled.

12.     There was no posting of the vacancy and no applications were sought by the City.  Nonetheless, Runkel made it clear to those individuals involved in the hiring decision that she was interested in the position.

13.     According to the regulations of the City of Springfield, the recommendation on filing the vacant Purchasing Agent was to be made by the City's Director of Management and Budget, William McCarty. Springfield Municipal Code § 38.11.

14.     Runkel had multiple communications with Mr. McCarty expressing her interest in the Purchasing Agent position.

15.     On March 1, 2018, Mayor Langfelder selected Kassandra Wilkin and not Runkel for the Purchasing Agent position.

16.     Wilkin had only worked in the Office of Budget and Mangement for a little more than two years at the time and, as the incumbent Buyer II, was a subordinate employee of Runkel's.

17.     Runkel had vastly more experience for the Purchasing Agent position and was the most qualified applicant for the position.

18.     The prior occupant of the Purchasing Agent position, Sandy Robinson, was black and Langfelder wanted a black person to take over that position.

19.     Runkel is white and Wilkin is black.

20.     Wilkin was selected for the Purchasing Agent position over Runkel solely because of her race.

21.     Had Runkel been black she would have been selected for the Purchasing Agent

position.

22.    At the time that she was told that she was being passed over for the promotion, on March 1, 2018, Langfelder promised Runkel that she was going to receive a raise.

23.    On March 22, 2018, through counsel, Runkel sent a letter to Langfelder that expressed her view that she was passed over for the promotion in favor of Wilkin because of her race.  Runkel also attached a copy of a proposed complaint to the United States Equal Employment Opportunity Commission (the "EEOC") alleging race discrimination as a result of this incident.

24.    On April 5, 2018, Runkel filed a complaint of race discrimination with the EEOC alleging that she had been discriminated against by the City on account of her race. That complaint was assigned EEOC case number 440-2018-04400.

25.    On April 6, 2018, Runkel was notified by the City that the pay increase she had been promised on March 1, 2018, was being rescinded and that she was being placed on a "last chance agreement."

26.    On approximately May 4, 2018, Runkel filed a second charge with the EEOC against the City.  This second charge alleged that she had been retaliated against by the City's actions of rescinding her pay increase and placing her on a last chance agreement.  That charge was assigned EEOC case number 440-2018-05075.

27.    On August 7, 2018, Runkel received from the United States Department of Justice notices that she could bring a civil lawsuit based upon EEOC charges 440-2018-04400 and 440-2018-05075.

28.    As a result of the foregoing Runkel has sustained damages.  These damages

include lost wages, lost benefits, damage to reputation, and emotional damages.

## Count I
*Title VII race discrimination as to the City*

29.     Paragraphs 1-28 are incorporated herein.

30.     The City discriminated against Runkel in violation of 42 U.S.C. § 2000e-2(a)(1)

when it passed her over for a promotion because of her race.

Wherefore, Runkel respectfully requests that this Court enter judgment in her favor and

against the City and provide for the following relief:

A.      An award of damages for the income that she has lost.

B.      An award of non-economic damages.

C.      An award of fees and costs.

D.      Equitable relief to the extent that it is appropriate.

E.      Any other remedy that is appropriate.

## Count II
*Equal Protection as to Langfelder*

31.     Paragraphs 1-28 are incorporated herein.

32.     Langfelder violated Runkel's right to equal protection of the law under the

Fourteenth Amendment when he passed her over for a promotion because of her race.

Wherefore, Runkel respectfully requests that this Court enter judgment in her favor and

against Langfelder and provide for the following relief:

A.      An award of damages for the income that she has lost.

B.      An award of non-economic damages.

C.      An award of fees and costs.

D.      Equitable relief to the extent that it is appropriate.

E.      An award of punitive damages.

F.      Any other remedy that is appropriate.

<h3 align="center">Count III</h3>
<em>Title VII retaliation as to the City</em>

33.     Paragraphs 1-28 are incorporated herein.

34.     The City retaliated against Runkel when it rescinded its pay increase and placed her on a last chance agreement because she complained of race discrimination.

Wherefore, Runkel respectfully requests that this Court enter judgment in her favor and against the City and provide for the following relief:

A.      An award of damages for the income that she has lost.

B.      An award of non-economic damages.

C.      An award of fees and costs.

D.      Equitable relief to the extent that it is appropriate.

E.      Any other remedy that is appropriate.

<strong>Plaintiff Demands a Jury Trial for all Counts</strong>

Diane Runkel
By: /s/ *John A. Baker*
Her Attorney

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone:      (217) 522-3445
Facsimile:      (217) 522-8234
Email:          jab@bbklegal.com