E-FILED
Tuesday, 10 September, 2019 12:15:50 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DIANE RUNKEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-cv-03206 |
| | ) |
| CITY OF SPRINGFIELD, and | ) |
| JAMES O. LANGFELDER, | ) |
| | ) |
| Defendants. | ) |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Dismiss (d/e 8) filed by Defendants City of Springfield (the City) and James O. Langfelder. Because Counts I through III of Plaintiff Diane Runkel's Complaint (d/e 1) state claims for which relief can be granted, the motion is DENIED.

**I. BACKGROUND**

The following facts come from Plaintiff's Complaint. The Court accepts them as true in ruling on the motion to dismiss. See Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

Plaintiff began working for the City in 2007 after being hired as an administrative clerk in the City's Office of Budget and Management. Complaint (d/e 1), ¶ 7. Plaintiff continued working for the City and was promoted in November 2008 and again in May 2015. Id. ¶¶ 8-9. After the May 2015 promotion, Plaintiff was working for the City as an assistant purchasing agent. Id. ¶ 9.

In early 2018, it was announced that the incumbent purchasing agent would be leaving her position. Id. ¶11. Plaintiff informed William McCarty, the City's Director of Management and Budget, several times that Plaintiff was interested in the purchasing agent position. Id. ¶ 14.

Plaintiff was not selected for the position, however. Id. ¶ 15. Kassandra Wilkin, who is black and had less experience than Plaintiff, who is white, was selected to be the City's purchasing agent solely because of Wilkin's race. Id. ¶¶ 19-20. Plaintiff was the most qualified applicant for the purchasing agent position. Id. ¶17. Wilkin had only two years' experience in the Office of Budget and Management and was a subordinate of Plaintiff. Id. ¶ 16. Had Plaintiff been black, she would been selected for the purchasing agent position. Id. ¶ 21. The City's previous purchasing agent was

black, and Langfelder wanted a black person to be the next purchasing agent.  Id. ¶ 18.

Plaintiff was subsequently told by Langfelder that Plaintiff was going to receive a raise despite being passed over for the promotion. Id. ¶ 22.  Through counsel, Plaintiff sent a letter to Langfelder expressing Plaintiff's view that Plaintiff was passed over for the promotion in favor of Wilkin because of Plaintiff's race.  Id. ¶ 23. Attached to the letter was a proposed complaint to the Equal Employment Opportunity Commission (EEOC) alleging race discrimination.  Id.

On April 5, 2018, Plaintiff filed a race discrimination complaint with the EEOC, and, the next day, the City notified Plaintiff that her pay increase was being rescinded and that she was being placed on a "last chance agreement." Id. ¶¶ 24-25.  Approximately one month later, Plaintiff filed a second charge with the EEOC against the City, alleging that the City's actions of rescinding her pay increase and placing her on the "last chance agreement" were retaliatory.  Id. ¶ 26.  On August 7, 2018, Plaintiff received notices that she could bring a civil lawsuit based on EEOC charges.  Id. ¶ 27.

In August 2018, Plaintiff filed a three-count Complaint against the City and Langfelder, the mayor of Springfield, in his individual capacity. Count I alleges the City discriminated against Plaintiff in violation of Title VII of the Civil Rights Act (Title VII) when it passed Plaintiff over for a promotion due to her race. Count II, brought under 42 U.S.C. § 1983, alleges Langfelder violated Plaintiff's Fourteenth Amendment equal protection rights when Langfelder passed Plaintiff over for a promotion due to her race. Count III alleges the City retaliated against Plaintiff in violation of Title VII when the City rescinded Plaintiff's pay increase and placed Plaintiff on a "last chance agreement" because Plaintiff complained of racial discrimination.

On October 22, 2018, Defendants filed their Motion to Dismiss. Defendants seek to have Plaintiff's claims dismissed for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue that Counts I and III should be dismissed because the City's purchasing agent position does not fall within the definition of "employee" set forth in 42 U.S.C. § 2000e. Defendants also argue that Count II should be dismissed, as Langfelder is entitled to

qualified immunity because political appointees are not subject to Title VII and elected officials may consider race when making political appointments.

On November 5, 2018, Plaintiff filed a Memorandum of Law in Opposition to Motion to Dismiss (d/e 10). Plaintiff contends that the City's purchasing agent is not appointed by an elected official and therefore qualifies as an employee under Title VII. Plaintiff also argues that Langfelder is not entitled to qualified immunity, as it was clearly established at the time Plaintiff was not promoted that the Fourteenth Amendment prohibits the use of race in hiring decisions, "absent the most compelling of circumstances."

## II. LEGAL STANDARD

A complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations are accepted as true at the pleading stage, but allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion."

Adams, 742 F.3d at 728 (internal quotation marks omitted). The court must draw all inferences in favor of the non-moving party. In re marchFIRST Inc., 589 F.3d 901, 904 (7th Cir. 2009).

### III. ANALYSIS

**A. Count I states a claim upon which relief can be granted because the City's purchasing agent is not appointed by an elected official.**

Title VII makes it unlawful for any employer to limit, segregate, or classify their employees in a manner that would deprive them of employment opportunities on the basis of the employee's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(2). An "employee" is any individual employed by an "employer." 42 U.S.C. § 2000e(f). An "employer" is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b).

There are four exclusions to Title VII's definition of "employee": (1) elected officials; (2) personal staff of elected officials, (3) appointees on the policymaking level, and (4) immediate advisors with respect to the exercise of constitutional or legal powers of a public office. 42 U.S.C. § 2000e(f); Opp v. Office of the State's Atty.,

630 F.3d 616, 619 (7th Cir. 2010).  Therefore, policymaking appointees cannot bring Title VII claims.  Americanos v. Carter, 74 F.3d 138, 144 (7th Cir. 1996).  The question faced by the Court in this case is whether a policymaking appointee must be appointed by an elected official to be excluded from Title VII's definition of "employee."

The Seventh Circuit has not yet definitively addressed this question.  However, the Second and Tenth Circuits have determined that, in order to qualify as a policymaking appointee excluded from the "employee" definition of the Age Discrimination in Employment Act (ADEA),[1] the individual must be appointed by an elected official.  See Tranello v. Frey, 962 F.2d 244, 249 (2d Cir. 1992); Anderson v. Albuquerque, 690 F.2d 796, 801 (10th Cir. 1982).  District judges within the Seventh Circuit, relying on Tranello, have held that an appointee must be directly appointed by an elected official to be excluded from the "employee" definitions in Title VII or the ADEA.  See O'Neill v. Ind. Comm'n on Pub. Records, 149 F. Supp. 2d 582,

---

[1] The definition of "employee" under the ADEA, like the corresponding Title VII definition, does not include policymaking appointees.  See 29 U.S.C. § 630(f); 42 U.S.C. § 2000e(f).

588-89 (S.D. Ind. 2001); Braaksma v. Wells Cmty. Hosp., 98 F. Supp. 2d 1026, 1028-29 (N.D. Ind. 2000).

The Court finds these cases persuasive for several reasons. First, holding that a policymaker, to be excluded from Title's VII's "employee" definition, must be appointed by an elected official is consistent with the legislative history of Title VII. See Tranello, 962 F.2d at 249-50 ("The Joint Explanatory Statement submitted to the House and Senate interprets the language that was ultimately adopted as exempting "elected officials and members of their personal staffs, and *persons appointed by such elected officials* as advisors *or to policymaking positions* . . . ."). Second, excluding only those policymakers appointed by an elected official is consistent with Congress' intent to construe the exemption narrowly. See id. at 250. Third, the placement of the exemption from Title VII's definition of "employee" for policymaking appointees with other exemptions tied to elected officials suggests that policymaking appointees are only exempt if appointed by an elected official. See O'Neill, 149 F. Supp. 2d at 589.

The City's purchasing agent position is established by ordinance, and the purchasing agent is appointed by the City's

director of budget and management with the approval of the City's mayor. Code of Ordinances of the City of Springfield, Illinois, § 38.11. The City's mayor appoints the City's director of budget and management. Id. § 32.35.

Because the City's purchasing agent is not directly appointed by an elected official, the purchasing agent is not excluded from Title VII's definition of "employee." Count I of Plaintiff's Complaint, therefore, states a claim upon which relief can be granted.

**B.   Count III states a claim upon which relief can be granted because the City's assistant purchasing agents are not policymaking appointees.**

Title VII prohibits discriminating against employees because they have charged, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e-3(a). To plead a Title VII retaliation claim, a plaintiff must allege that they engaged in statutorily protected activity that was subjected to adverse employment action due to that activity. Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1029 (7th Cir. 2013) (holding that the plaintiff successfully pleaded a retaliation claim by alleging that her work hours were reduced after filing an EEOC charge against a coworker).

Plaintiff filed a complaint of racial discrimination with the EEOC on April 5, 2018, because Plaintiff was passed over for a promotion because of her race. The next day, the City advised Plaintiff that the pay increase she was promised on March 1, 2018, was being rescinded and that she was being placed on a "last chance agreement." These allegations constitute a Title VII retaliation claim upon which relief can be granted.

Defendants' argument for the dismissal of Count III is the same argument Defendants utilize in seeking the dismissal of Count I––the City's purchasing agent is a policymaking appointee excluded from Title VII's definition of "employee." As noted by the Court, Defendants' position is incorrect.

Even if Defendants' argument were correct, at the time the City's alleged retaliatory actions took place, Plaintiff was an assistant purchasing agent, not the City's purchasing agent. And Defendants have made no attempt to establish that an assistant purchasing agent for the City is a policymaking appointee. As the City's purchasing agent position is not a policymaking appointee exempt from Title VII's definition of "employee," the Court sees no

basis to hold that the City's assistant purchasing agents are policymaking appointees excluded from Title VII's protections.

## C. Langfelder is not entitled to qualified immunity on Count II.

Qualified immunity protects government officials from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Pearson v. Callahan, 53 U.S. 223, 231 (2009). To counter a claim of qualified immunity, a plaintiff must show (1) that the official violated a statutory or constitutional right and (2) that the right was clearly established at the time of the alleged conduct. Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011). Qualified immunity is generally dependent on the facts of the case, and dismissal at the pleading stage on the basis of qualified immunity is rarely appropriate. See Alvarado v. Litscher, 267 F.3d 648, 651-52 (7th Cir. 2001).

For a right to be "clearly established," the right must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). Existing case law need not be identical to the

situation at hand to meet this burden. See Nabozny v. Podlesny, 92 F.3d 446, 456 (7th Cir. 1996) ("Under the doctrine of qualified immunity, liability is not predicated upon the existence of a prior case that is directly on point.").

The Equal Protection Clause of the Fourteenth Amendment protects a person's right to be free from certain types of discrimination in public employment absent sufficient justification. Alexander v. Milwaukee, 474 F.3d 437, 444 (7th Cir. 2007). For instance, race-based employment decisions by a local government are unconstitutional unless they satisfy strict scrutiny. See Richmond v. J.A. Croson Co., 488 U.S. 469, 493-94 (1989). Strict scrutiny requires a showing that a race-based action is necessary to further a compelling governmental interest and that the action is narrowly tailored to further the governmental interest. Grutter v. Bollinger, 539 U.S. 306, 327 (2003).

Plaintiff alleges that, even though she was Wilkin's supervisor and had substantially more experience than Wilkin, Plaintiff was passed over for a promotion because Plaintiff is white and Wilkin is black. Plaintiff has therefore established a racial classification. See Finch v. Peterson, 622 F.3d 725, 728 (7th Cir. 2010) (holding that

police lieutenants who alleged they were passed over for a promotion based on their race despite higher rankings on a merit-based "eligibility list" identified a racial classification). Plaintiff also suggests that the decision to promote Wilkin was due to the fact that the City's previous purchasing agent was black. Assuming the truth of the allegations in Plaintiff's Complaint, Langfelder violated Plaintiff's constitutional right to be free from racial discrimination with respect to the City's employment decisions.

Nevertheless, Defendants argue that Langfelder is entitled to qualified immunity because there is no case law establishing that Langfelder could not consider a person's race in making a political appointment. However, at the time Langfelder refused to appoint Plaintiff to the City's purchasing agent position, the Seventh Circuit had already held that a "governmental officer holding the power of appointment may make any decision he pleases, <u>unless the Constitution bars the way</u>." <u>Chasensky v. Walker</u>, 740 F.3d 1088, 1098 (7th Cir. 2014) (emphasis added). And the Seventh Circuit had already repeatedly held that the Equal Protection Clause prohibited the promotion or demotion of individuals based solely on race unless strict scrutiny were satisfied. <u>See</u> <u>Finch</u>, 622 F.3d at

730 (denying qualified immunity defense to city officials who promoted three African-American police lieutenants to the rank of captain over three white police lieutenants); Auriemma v. Rice, 910 F.2d 1449, 1457 (7th Cir. 1990) (noting that no reasonable police chief could believe that he was allowed to demote and promote police officers among racial lines).

Any reasonable mayor in Langfelder's position would have understood that refusing to appoint a person to serve as the City's purchasing agent solely because of that person's race would violate the Equal Protection Clause. Plaintiff alleges that Langfelder chose Wilkin for the purchasing agent position because Wilkin is black and Plaintiff is white. Therefore, Langfelder is not entitled to qualified immunity on Count II of Plaintiff's Complaint.

## IV. CONCLUSION

Because Counts I through III of Plaintiff Diane Runkel's Complaint state claims upon which relief can be granted, the Motion to Dismiss (d/e 8) filed by Defendants City of Springfield and James O. Langfelder is DENIED.

ENTER: September 9, 2019

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE