IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DIANE RUNKEL, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. 18-cv-3206 |
| CITY OF SPRINGFIELD, and JAMES O. LANGFELDER, | ) ) ) ) |
|     Defendants. | ) ) |

**DIANE RUNKEL'S RENEWED SIXTH MOTION IN LIMINE**

The Court directed that Mr. Robinson be presented for a deposition. While no deposition occurred, the undersigned was able to speak with Mr. Robinson and ask questions about his anticipated testimony.

Mr. Robinson maintains that he made the recommendation that Wilkin be promoted over Runkel to both Bill McCarty and to Mayor Langfelder. Not only that, he maintains that he provided a detailed explanation of why he was making that recommendation.

Throughout these proceedings the Defendants have maintained that it was Mayor Langfelder who made the decision. McCarty claimed he didn't even make a recommendation to Langfelder as to hire for the position.

The initial disclosures that were initially served, Doc. 55-2, were deficient to begin with. Rule 26(a)(1)(A)(i) requires that the party identify the name of the individual and "the subjects" of the information that the individual knows. For

Robinson, no explanation of what subjects he had knowledge of was identified. He was simply listed as someone who may be used to support the defense. Doc. 55-2.

The undersigned engaged in due diligence by attempting to understand what Robinson actually knew. As previously noted, Interrogatory 12 provides:

> 12. In your initial disclosures, you identify Sandy Robinson as an individual who would have knowledge regarding this case. Explain in detail what information you believe Mr. Robinson is likely to possess that is relevant to this lawsuit.
>
> Answer:  Mr. Robinson is familiar with the job duties and responsibilities of the Purchasing Agent, having served in that role. He is also familiar with plaintiff's work product and habits.
>
> Doc. 55-3 at ¶ 12.

Interrogatory 2 specifically asked the Defendants about who made any recommendations:

2. Did any person make a recommendation to the City (including to Mayor Langfelder) as to who should be hired for the vacant position that is the subject of this lawsuit? If the answer to this interrogatory is in the affirmative, provide the following information: (1) who made the recommendation; (2) what specifically was recommended; (3) to whom was the recommendation addressed; and (4) how was the recommendation made (telephone, email, memo, personal meeting, etc.). This interrogatory seeks information related to recommendations made by both City of Springfield employees and by individuals who are not employed by the City of Springfield.

Answer:  No.

Doc. 55-3 at ¶ 2.

The reason for these requests is fairly straightforward. In employment discrimination cases the relevant issue is what information was known by the decisionmakers. Based upon the discovery that was provided, it was clear that neither Langfelder nor McCarty received any recommendations.

The mandatory language of Rule 37(c) makes it clear that a party cannot rely upon evidence that was not produced during discovery: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Certainly, there is harm involved. Had Runkel been made aware of this information originally, she would have handled discovery completely differently. Again, the discovery was about what information did the decision-makers have when they made their decisions that were at issue in the case.

Further, the Defendants cannot establish that its failure to disclose this information was justified. Presumably, the City discussed these interrogatory answers with Langfelder and McCarty before they were submitted. If Sandy Robinson had made such a recommendation, they would have known about it.

## CONCLUSION

Diane Runkel requests that this Court enter the following order at trial:

> If the Defendants call Sandy Robinson as a witness, his testimony should be limited solely to the following categories of evidence: (1) his understanding of the job duties and responsibilities of the purchasing agent position; and (2) Runkel's work product and habits. Further, Langfelder and McCarty are precluded from testifying that they were provided a recommendation by Sandy Robinson.

*Diane Runkel*
December 5, 2023

/s/ John A. Baker
  Her Attorney

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone:     (217) 522-3445
Facsimile:     (217) 522-8234
Email:         jab@bbklegal.com

## Certificate of Service

    This document was filed utilizing this Court's ECF system. A copy will automatically be sent to all counsel of record. No copies have been served via any alternative method of service.

<u>/s/ John A. Baker</u>

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone:    (217) 522-3445
Facsimile:    (217) 522-8234
Email:    jab@bbklegal.com