IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DIANE RUNKEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-cv-03206 |
| ) | |
| CITY OF SPRINGFIELD and ) | |
| JAMES O. LANGFELDER, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendants City of Springfield and James O. Langfelder's Motion for New Trial (d/e 75).

On August 16, 2018, Plaintiff Diane Runkel filed a three-Count Complaint (d/e 1) against Defendants City of Springfield and James Langfelder.  Plaintiff Runkel alleged that the City of Springfield denied her a promotion because of her race in violation of 42 U.S.C. § 2000e-2(a)(1) (Count I).  She also alleged that Langfelder denied her a promotion because of her race in violation of the Fourteenth Amendment and pursuant to 42 U.S.C. § 1983 (Count II).  Lastly, she alleged that the City retaliated against her

after engaging in activities protected under 42 U.S.C. § 2000e–3(a) (Count III).

After a four-day jury trial in December 2023, the jury found against Defendant City of Springfield on Counts I and III and found for Defendant James Langfelder on Count II.

Defendants move for a new trial. For the following reasons, Defendants' Motion for New Trial (d/e 75) is DENIED.

## I. ANALYSIS

Defendant argues that the jury in this case rendered an inconsistent verdict because the jury found in favor of Plaintiff on Count I, but in favor of Defendant Langfelder on Count II.

Rule 59(a) of the Federal Rules of Civil Procedure provides that "the court may, on motion, grant a new trial on all or some of the issues—and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a). "'A new trial is appropriate if the jury's verdict is against the manifest weight of the evidence or if the trial was in some way unfair to the moving party.'" Martinez v. City of Chicago, 900 F.3d 838, 844 (7th Cir. 2018) (citations omitted); Johnson v. Gen. Bd. of Pension & Health Benefits of the

United Methodist Church, 733 F.3d 722, 730 (7th Cir. 2013) ("A new trial is appropriate where the verdict is against the clear weight of the evidence or the trial was not fair to the moving party.").

When assessing whether the verdict was against the manifest weight of the evidence, the Court "has the power to get a general sense of the weight of the evidence, assessing the credibility of the witnesses and the comparative strength of the facts put forth at trial." Mejia v. Cook Cty., 650 F.3d 631, 634 (7th Cir. 2011). The Court considers all the evidence presented, disregarding only evidence "'reasonable persons could not believe'" because that evidence "'contradicts indisputable physical facts or laws.'" Id. at 633. "A party claiming that inconsistent verdicts have been returned is not entitled to a new trial 'unless no rational jury could have brought back' the verdicts that were returned." Pearson v. Welborn, 471 F.3d 732, 739 (7th Cir. 2006) (citing Deloughery v. City of Chicago, 422 F.3d 611, 617 (7th Cir. 2005)).

### A. Defendants Waived Their Challenge to an Inconsistent Verdict.

Defendants argue that the jury instructions on burden of proof for Defendants City and Langfelder contained identical standards,

but the jury irreconcilably found in favor of Plaintiff on Count I but in favor of Defendant Langfelder on Count II.

The Seventh Circuit has adopted the position that "a party wishing to challenge a jury's general verdict on the ground of inconsistent verdicts must normally make a contemporaneous objection before the jury disbands." Cont'l Vineyard, LLC v. Vinifera Wine Co., LLC, 973 F.3d 747, 754 (7th Cir. 2020). There are two exceptions to the contemporaneous objection rule: (1) "when a party had no meaningful opportunity to object to the jury's verdict", and (2) "if the jury's verdict resists all efforts at reconciliation, such that the grant of a Rule 59 motion for new trial is the only remedy possible." Id.

In Cont'l Vineyard, the Seventh Circuit found that neither of the exceptions applied. Id. There, a jury returned a verdict in favor of the plaintiff on his unfair competition claim but left the damages section on the verdict form blank. Id. To confirm the jury's intention, the court polled each juror individually. Id. The court asked the parties if they wished to put anything else on the record while the jurors remained in the jury room, and both parties declined. Id. at 754–55. The court also found the verdicts were

consistent, surmising that although defendant had competed with plaintiff unfairly, the jury may have believed that plaintiff received a net profit from defendant's conduct. Id. at 757.

Here, Defendants failed to raise the issue of an inconsistent verdict before the Court discharged the jury. Moreover, when the jury announced its verdict, the Court inquired of the parties whether they wished to poll each juror individually, which both parties declined. December 7, 2023 Trial Transcript, 5:7–10.

### B. The Jury Verdict is Consistent.

The Court disagrees with Defendants' argument that the jury's findings in favor of Plaintiff on Count I but in favor of Defendant Langfelder on Count II is inconsistent.

With respect to Count I, the Court instructed the jury that:

> To succeed on this claim, Runkel must prove by a preponderance of the evidence that she was passed over for the promotion by the City because of her race. To determine that Runkel was passed over for the promotion because of her race, you must decide that the City would have promoted Runkel over Wilkin had Runkel not been Caucasian but everything else had been the same.

d/e 69, p. 20.

With respect to Count II, the Court instructed the jury that:

> To succeed on this claim, Runkel must prove by a preponderance of the evidence that she was passed over for the promotion by Langfelder because of her race. To determine that Runkel was passed over for the promotion because of her race, you must decide that Langfelder would have promoted Runkel over Wilkin had Runkel not been Caucasian but everything else had been the same.

d/e 69, p. 21.

During trial, Defendants argued that the City made the decision to promote Wilkin over Plaintiff through the actions and decisions of its Mayor, Defendant Langfelder. However, the jury reasonably could have found that other individuals employed by the City acted or made statements that motivated the ultimate decision to not promote Plaintiff. Throughout trial, James Langfelder, Sandy Robinson, William McCarty, and Bonnie Drew all testified to their roles, or lack thereof, in the decision not to promote Plaintiff. For example, McCarty testified that while he conveyed to Langfelder that both Wilkin and Plaintiff could do the Purchasing Agent job, he did not make a formal recommendation of one over the other. December 5, 2023 Trial Transcript, 15:4–15:19. Additionally, Robinson testified that during a meeting with Langfelder in January or February of 2018, he recommended Wilkin as his replacement. December 6, 2023 Trial Transcript, 14:21–23; 16:7–17. Plaintiff's

counsel also elicited testimony from Robinson that an interrogatory that asked whether any person made a recommendation to the City (including to Mayor Langfelder) who should be hired for the vacant position that is the subject of the lawsuit, and the City answered no. December 6, 2023 Trial Transcript, 20:6-22.

How much credence to place on these testimonies is for the trier of fact. It was within the jury's role as factfinder to determine that other City employees contributed to the decision not to promote Plaintiff because of her race, while also concluding that Langfelder, in his personal capacity, did not racially discriminate against Plaintiff.

Furthermore, Defendants' reliance on Hoekstra v. City of Momence is misplaced. d/e 75, ¶ 7. There, the court entered summary judgment in favor of the individual defendant on plaintiff's age discrimination claim and equal protection clause, which required finding in favor of the City of Momence on plaintiff's Monell claim. Hoekstra, No. 17-CV-2040, 2019 WL 8953351, at *20 (C.D. Ill. Mar. 11, 2019). The court determined that the City of Momence's liability was "clearly dependent" on the city employee defendant's individual liability, so to find that the city employee did

not engage in age discrimination but to find that the City of Momence discriminated unlawfully against Plaintiff through a "widespread, unwritten custom and/or practice" would create an inconsistent verdict.  Id.  Here, however, Plaintiff did not allege a Monell theory of liability against the City.  Rather, Plaintiff had a Title VII claim against the City (Count I) and a § 1983 claim against Langfelder, in his individual capacity (Count II).

    Moreover, the Court instructed the jury that:

> You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, any of the others is liable.

d/e 69, p. 18.

    Indeed, the jury did just that.  Whether or not the jury's decision to find in favor of Plaintiff on Count I but in favor of Defendant Langfelder on Count II was a "compromise" is speculation that the Court declines to engage in.  See Deloughery, 422 F.3d at 619.  "As a rule civil juries must return consistent verdicts." Will v. Comprehensive Accounting Corp., 776 F.2d 665, 677 (7th Cir. 1985). Further, if possible, the court must reconcile apparently inconsistent verdicts, rather than overturn them.

DeLoughery, 422 F.3d at 617. Thus, the jury could have found for Plaintiff on the Title VII claim (Count I) by accepting that the City decided not to promote her because of her race, while finding for Langfelder, in his individual capacity, on the § 1983 claim (Count II). The verdict was not inconsistent.

### III. CONCLUSION

For the reasons stated, Defendant's Motion for New Trial (d/e 75) is DENIED.

**ENTERED: February 13, 2024.**

**FOR THE COURT:**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**