IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DIANE RUNKEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-03206 |
| | ) | |
| CITY OF SPRINGFIELD and | ) | |
| JAMES O. LANGFELDER, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Plaintiff Diane Runkel's Motion for Attorney Fees (d/e 73). For the following reasons, Plaintiff's Motion for Attorney Fees (d/e 73) is GRANTED in part and DENIED in part.

## I. BACKGROUND

On August 16, 2018, Plaintiff Diane Runkel filed a three-Count Complaint (d/e 1) against Defendants City of Springfield and James Langfelder.  Plaintiff Runkel alleged that the City of Springfield denied her a promotion because of her race in violation of 42 U.S.C. § 2000e-2(a)(1) (Count I).  She also alleged that Langfelder denied her a promotion because of her race in violation

of the Fourteenth Amendment and pursuant to 42 U.S.C. § 1983 (Count II). Lastly, she alleged that the City retaliated against her after engaging in activities protected under 42 U.S.C. § 2000e–3(a) (Count III).

After a four-day jury trial in December 2023, the jury found against Defendant City of Springfield on Counts I and III, awarding $100,000 in compensatory damages, no nominal damages, and no punitive damages. The jury found for Defendant James Langfelder on Count II, awarding $1 in nominal damages.

Plaintiff's counsel seeks attorney's fees of $215,862.50 and $1,230.29 in costs. d/e 73, p. 2.

## II.  LEGAL STANDARD

"In Title VII actions, the prevailing party may recover reasonable attorneys' fees pursuant to 42 U.S.C. § 2000e–5(k)." Pickett v. Sheridan Health Care Ctr., 664 F.3d 632, 639 (7th Cir. 2011). "To determine a reasonable fee, the district court uses the lodestar method, multiplying the 'number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). "There is

a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." Id.

The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed. Id. at 640. The Seventh Circuit presumes "an attorney's actual billing rate for similar litigation is appropriate to use as the market rate." Id. If a fee applicant does not satisfy its burden, the district court has the authority to make its own determination of a reasonable rate. Id. (citing Uphoff v. Elegant Bath, Ltd., 176 F.3d 399, 409 (7th Cir. 1999)). The Court has an obligation to "exclude from this initial fee calculation hours that were not reasonably expended." Id. at 434 (internal quotation marks omitted).

"[A] district court has significant discretion in determining the lodestar, [but] it cannot base its decision on an irrelevant consideration or reach an unreasonable conclusion." Johnson v. GDF, Inc., 668 F.3d 927, 929 (7th Cir. 2012). Moreover, the Court is "not obligated to conduct a line-by-line review of the bills to assess the charges for reasonableness." Rexam Beverage Can Co. v. Bolger, 620 F.3d 718, 738 (7th Cir. 2010).

### III. ANALYSIS

**A. Plaintiff Is a Prevailing Party.**

"In order to be considered a prevailing party in a civil rights action, a plaintiff must obtain at least some relief on the merits." Alexander v. Gerhardt Enter., Inc., 40 F.3d 187, 194 (7th Cir. 1994) (internal quotation marks and citation omitted). The City does not dispute that Plaintiff is a prevailing party. On December 7, 2023, a jury entered a verdict in favor of Plaintiff and against Defendant City of Springfield on Counts I and III. The jury found for Defendant James Langfelder on Count II. The Court finds that Plaintiff is a prevailing party and entitled to reasonable attorney's fees.

**B. Plaintiff is Entitled to Fees Relating to Her § 1983 Claim Against Defendant Langfelder.**

The City argues that, because Plaintiff was only a prevailing party on her Title VII claims against the City, attorney's fees related to the § 1983 claim against Defendant Langfelder are not recoverable.

In many civil rights cases, "plaintiff's claims for relief involve a common core of facts or will be based on related legal theories." Hensley, 461 U.S. at 435. "Where a lawsuit consists of related

claims, a plaintiff who has won substantial relief should not have [her] attorney's fee reduced simply because the district court did not adopt each contention raised." Id. at 440. But see Jackson v. Ill. Prisoner Review Bd., 856 F.2d 890, 894 (7th Cir. 1988) ("Time spent on claims for relief that are unsuccessful and unrelated to the ultimate result achieved are not compensable."). In a case with related claims, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." Hensley, 461 U.S. at 435.

    The Court finds that Plaintiff's claims against the City and Langfelder involved a common core of facts. Plaintiff alleged that both the City and Langfelder denied her a promotion because of her race. Although Plaintiff did not prevail on her § 1983 claim against Defendant Langfelder, Plaintiff's Title VII race discrimination and retaliation claims against the City stemmed from the same factual nexus. See Jaffee v. Redmond, 142 F.3d 409, 413 (7th Cir. 1998) ("Hensley makes clear that when claims are interrelated, as is often the case in civil rights litigation, time spent on successful claims may be compensable if it also contributed to the success of other claims."). As such, the claims were not "unrelated." Hensley, 461

U.S. at 440 (a claim is unrelated if it is "distinct in all respects from [plaintiff's] successful claims."). Thus, the Court will not categorically exclude time spent on the § 1983 claim against Defendant Langfelder.

### C. The Court Awards the Lodestar Amount Because It Reflects an Appropriate Hourly Rate and Reasonably Expended Attorney's Hours.

Plaintiff requests total attorney fees of $215,862.50. See d/e 73, p. 2.

#### 1. Plaintiff's attorney's requested hourly rate is appropriate.

First, the Court addresses the reasonableness of the hourly rates sought by Plaintiff's attorneys. A reasonable hourly rate is "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." Uphoff, 176 F.3d at 407. An attorney's actual billing rate for similar litigation is presumed appropriate as the market rate. Denius v. Dunlap, 330 F.3d 919, 930 (7th Cir. 2003). The fee applicant bears the burden of "produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community." Pickett, 664 F.3d at 640 (citing Blum v. Stenson, 465 U.S. 886, 895 n.11

(1984)). If that burden is satisfied, the burden shifts to the other party to offer evidence that sets forth "good reason" why a lower rate should be awarded. People Who Care v. Rockford Bd. of Educ., 90 F.3d 1307, 1313 (7th Cir. 1996) (internal quotation marks and citations omitted). If the party seeking fees fails to carry its burden, the Court may properly "make its own determination of a reasonable rate." Pickett, 664 F.3d at 640 (citation omitted).

Plaintiff argues that, as the prevailing party, she should be awarded the full lodestar because the fees are supported by her attorney's qualifications and experience, prior rates, and work on this case, as well as the rates other attorneys with similar experience charge. Plaintiff provided an itemized list of the services performed (d/e 73, Ex. 1, pp. 10–32), a declaration from her attorney describing his experience (d/e 73, Ex. 1, pp. 1–6), and an affidavit from Mr. Draper, a local attorney in Springfield, to support the requested rate (d/e 73, Ex. 2).

The Court finds that Plaintiff has established that the proposed hourly rate of $350 is reasonable. Plaintiff's attorney's billing rate is $350 per hour. d/e 73, Ex. 1, pp. 3–4, ¶¶ 6, 8, 9. Moreover, Plaintiff's attorney, Mr. Baker, has nearly 26 years of

experience practicing law in the Central District of Illinois. Id. at p. 1, ¶ 1. He specializes in employment and civil rights matters. Id. at ¶ 4. Additionally, Mr. Baker was recently awarded a rate of $350 per hour in a Fourth Amendment case alleging defendants forced plaintiff to submit to a drug screen within the Central District of Illinois. See Bickers v. City of Decatur, No. 21-cv-2027, d/e 37 (Oct. 23, 2023). Further, Mr. Draper, a fine local attorney, has also submitted an affidavit attesting to the reasonableness of Mr. Baker's requested rate. d/e 73, Ex. 2, ¶ 12. Mr. Draper, an attorney since 1981, has been familiar with Mr. Baker since 1998. Id. at ¶¶ 1, 10. Mr. Draper also states that he is billing clients at $350 per hour for employment or civil rights matters, which he "believe[s] is the prevailing rate for lawyers handling these cases in central Illinois." Id. at ¶ 13. Finally, the City has not argued against Mr. Baker's requested rate. Therefore, based on Mr. Baker's professional experience, his previous fee award in the Central District of Illinois, and Mr. Draper's affidavit, the Court finds an hourly rate of $350 reasonable for Mr. Baker's services in this case.

   **2. Plaintiff's Attorney's Claimed Hours Are Reasonably Expended.**

The second part of the lodestar calculation is the number of hours reasonably expended. See Hensley, 461 U.S. at 433–34. A fee applicant must provide sufficient documentation and exercise sound billing judgment. Id. The Court considers the number of hours worked, excluding the hours it deems inadequately documented or not reasonably expended on the litigation. Id.; see Harper v. City of Chicago Heights, 223 F.3d 593, 605 (7th Cir. 2000) ("[W]hen a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or (in recognition of the impracticalities of requiring courts to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage.").

The City objects to several of the time entries billed by Mr. Baker. The City seeks to reduce the amount of billed hours by 25%, identifying several time entries and arguing that they are "suspect" and "not sufficiently detailed." d/e 80, p. 4. Specifically, the City objects to the four hours attributed to reviewing the City's responses to interrogatories and request for production of documents on August 28, 2020. The Court declines to exclude the four hours attributed to August 28, 2020 because the City does not

expand on why its finds this time entry suspect and the amount of time attributed to reviewing responses are necessary to the case and reasonable.

The City also objects to fees for hours spent on Plaintiff's Illinois Department of Human Rights (IDHR) and Equal Employment Opportunity Commission (EEOC) cases. As Plaintiff points out, Plaintiff was required under the statutory administrative scheme to first assert claims with the IDHR and EEOC prior to bringing a Title VII claim in federal court. See 42 U.S.C. § 2000e-5. The Court declines to exclude the hours attributed to Plaintiff's IDHR and EEOC cases.

Additionally, the City objects to the 6.75 hours attributed to "[m]eeting with client to await jury verdict; wait for jury verdict; attend court; present for verdict; conference with client after verdict" on December 7, 2023. d/e 73, Ex. 1, p. 32. As Plaintiff explains, such time was used to discuss, in part, post-trial strategy. The Court declines to exclude the hours attributed to the 6.75 hours on December 7, 2023.

Furthermore, the City objects to time entries for being "vague." d/e 80, p. 4. Specifically, the City points to time entries such as

"research regarding pleading issues" on August 13, 2018, and "work on reply brief" on December 3, 2021. Id. (citing d/e 73, Ex. 1, pp. 13, 25). In context with entries that precede and follow the contested entries, these entries sufficiently explain the work that Mr. Baker did during those hours. Even though these few entries may lack specificity, the chronology of the time entries makes clear the subject matter. The Court declines to exclude any hours as vague.

Lastly, the City requests that the Court require Mr. Baker identify which time entries are attributable to him and which are attributable to his legal assistants. Mr. Baker responds that all time entries are attributable to him, and the Court finds no reason to doubt Mr. Baker's claim. As a result, the Court finds that the total number of hours worked on this matter is 616.75. At an hourly rate of $350, the Court awards a total amount of attorney fees of $215,862.50.

### 3. A Downward Adjustment to the Lodestar Amount is Not Warranted.

Next, the Court may adjust the lodestar amount based on the 12 Hensley factors. 461 U.S. at 436. However, there is a "strong

presumption" that the lodestar amount represents the reasonable fee. Perdue v. Kenny A., 559 U.S. 542, 554 (2010); City of Burlington v. Dague, 505 U.S. 557, 562 (1992). The City requests a downward adjustment because Plaintiff did not prevail on Count II, her § 1983 claim against Defendant Langfelder. d/e 80, p. 6. For the reasons stated above, see supra Section III.B, the Court declines to adjust the lodestar amount downward.

### D. Plaintiff is Entitled to $644 in Costs Under 28 U.S.C. § 1920.

As the prevailing party in a civil rights case, Plaintiff is entitled to recover litigation expenses incurred in prosecuting the case pursuant to 28 U.S.C. § 1920 and 42 U.S.C. § 1988. See 28 U.S.C. § 1920; 42 U.S.C. § 1988; Fed. R. Civ. P. 54(d); Downes v. Volkswagen of America, Inc., 41 F.3d 1132, 1144 (7th Cir. 1994) ("[E]xpenses of litigation that are distinct from either statutory costs or the costs of the lawyer's time reflected in hourly billing rates . . . are part of the reasonable attorney's fee allowed by the Civil Rights Attorney Fees Awards Act.").

"Rule 54(d) of the Federal Rules of Civil Procedure creates a strong presumption that the prevailing party will be awarded those

costs of litigation identified in 28 U.S.C. § 1920." Montanez v. Simon, 755 F.3d 547, 557 (7th Cir. 2014). The "losing party has the burden of demonstrating that taxed costs are not appropriate[.]" Harney v. City of Chicago, 702 F.3d 916, 927 (7th Cir. 2012) (citing Beamon v. Marshall & Ilsley Tr. Co., 411 F.3d 854, 864 (7th Cir. 2005)). Courts have wide discretion in determining and awarding reasonable costs, but that discretion is not unfettered. Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633, 642 (7th Cir. 1991). "[T]o award costs to a prevailing party, the court must determine that the expenses are allowable cost items and that the amounts are reasonable and necessary." Id. Six kinds of allowable costs may be taxed, 28 U.S.C. § 1920, such as court fees; "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," id. § 1920(2); "[f]ees and disbursements for printing and witnesses," id. § 1920(3); and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case," id. § 1920(4).

Plaintiff's counsel seeks $83.79 for postage and $1,146.50 for photocopies. d/e 73, pp. 8–9. However, Plaintiff does not seek to

recover these expenses under 28 U.S.C. § 1920; rather, Plaintiff asserts that these expenses are not properly classified as "costs" under 28 U.S.C. § 1920 and provides a First Circuit case, Hutchinson v. Patrick, for the proposition that costs of the kind that Plaintiff seeks are compensable under civil rights fee statutes.  636 F.3d 1, 17 (1st Cir. 2011).

However, within the Seventh Circuit, "[c]osts for postage and mail services have consistently been disallowed on the grounds that these expenses are generally considered overhead, or part of the cost of operating a law firm." Barn II, Inc. v. W. Bend Mut. Ins. Co., No. 1:17-cv-01184-JEH, 2019 WL 4266520, at *9 (C.D. Ill. Mar. 22, 2019) (quoting Alexander v. CIT Tech. Fin. Servs., Inc., 222 F. Supp. 2d 1087, 1092 (N.D. Ill. 2002)).  Therefore, the Court declines to award $83.79 in postage costs.

As it relates to Plaintiff's request for costs relating to photocopies, despite Plaintiff's assertion otherwise, under the plain terms of 28 U.S.C. § 1920(4), photocopying expenses are clearly recoverable.  Pursuant to 28 U.S.C. § 1920, the costs of photocopies "of papers necessarily obtained for use in the case" are recoverable by the prevailing party.  As an initial matter, the costs of printing

appellate briefs on appeal are to be requested in the appellate court, not the district court.  Haroco v. American Nat'l Bank & Trust of Chi., 38 F.3d 1429, 1440 (7th Cir. 2004).  A district court may not award these costs under Federal Rule of Civil Procedure 54 or 28 U.S.C. § 1920.  As a result, the Court excludes copies relating to appellate briefing (1,725 copies on 10/28/2021 and 285 copies on 12/21/2021, for a total of 2,010 excludable copies).  d/e 73, Ex. 1, p. 33.

In discussing deposition costs, the Seventh Circuit has found that "[t]he proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court."  Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 455 (7th Cir. 1998).  Applying the same rationale to photocopying costs, the Court examines "whether the photocopies were reasonably necessary to this case at the time they were made." Bosch v. Ball-Kell, No. 03-1408, 2007 WL 2994085, at *5 (C.D. Ill. Oct. 11, 2007).  The Court finds that the copies requested for serving the complaint, for depositions, and exhibits used during trial were necessary.  See d/e 73, Ex. 1, p. 33.  As a result, the

Court finds that the remaining requested number of copies, 2,576, were reasonably necessary for use in this case.

Plaintiff requests a copy fee of $0.25 per page. The City argues against such a rate because the Plaintiff does not cite to any evidence that this is a reasonable, prevailing rate. Plaintiff has cited to several cases in the Northern District of Illinois and the Western District of Wisconsin to support her requested copy rate. The Central District of Illinois charges $0.50 per page. Further, the Central District of Illinois has previously authorized photocopying costs of up to $0.20 per page as reasonable. See <u>Hughes v. Mitsubishi Motor Manuf. Of America, Inc.</u>, No. 04-1052, 2006 WL 8445034, at *2 (C.D. Ill. Mar. 27, 2006). The Court finds that a copy fee of $0.25 per page is reasonable. As a result, the Court awards $644 in copy fees.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Attorney's Fees (d/e 73) is GRANTED in part and DENIED in part. The Court, in its discretion, awards Plaintiff $215,862.50 in attorney's fees and $644 in costs.

**ENTERED: May 22, 2024.**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**